**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 96-7042

PAUL EUGENE MASON,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Robert D. Potter, Senior District Judge.
(CR-92-159-P)

Argued: April 7, 1997

Decided: August 22, 1997

Before RUSSELL, WILKINS, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Robert Thomas Vaughn, Nashville, Tennessee; William
D. McNaull, Jr., Charlotte, North Carolina, for Appellant. Gretchen
C. F. Shappert, Assistant United States Attorney, Charlotte, North
Carolina, for Appellee. **ON BRIEF:** Mark T. Calloway, United States
Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Paul Eugene Mason appeals a finding by the district court that he was competent to stand trial in November 1992. See 18 U.S.C.A. § 4241 (West 1985). Concluding that this finding is not clearly erroneous, we affirm.

I.

In November 1992, Mason was tried for and convicted of participating in various drug-related activities. Additionally, the Government sought to forfeit real property owned by Mason and used in connection with this illegal conduct and any proceeds thereof. See 21 U.S.C.A. § 853(a) (West Supp. 1997). After the trial, but prior to the commencement of forfeiture and sentencing proceedings, Mason attempted suicide by stabbing himself in the chest with a butcher knife. Concerned with Mason's competence to proceed, the district court ordered a psychological examination pursuant to 18 U.S.C.A. § 4244 (West 1985). Thereafter, Mason was examined by Dr. Kevin McBride, who indicated that Mason was suffering from a mental impairment requiring psychiatric care. Dr. McBride, however, expressed no opinion concerning Mason's competence during the prior criminal trial. The district court ordered that Mason be placed in the custody of the Attorney General for further evaluation of his mental condition.

Following a psychiatric evaluation conducted four months later, the district court subsequently found Mason competent to continue with the forfeiture and sentencing proceedings and denied his motion for a new trial or a hearing to determine his competence during the criminal trial. On appeal, we held that the district court abused its discretion in refusing to conduct a hearing concerning Mason's competency during the trial. See United States v. Mason, 52 F.3d 1286, 1293 (4th

2

Cir. 1995). Accordingly, we instructed the district court on remand to conduct a hearing to determine Mason's competence to stand trial in November 1992 or, in the alternative, to retry Mason in the event that the district court found such a retrospective determination impossible at that juncture. See id.

On remand, Dr. Mark Hazelrigg performed a psychiatric evaluation pursuant to an order of the district court and concluded that although Mason had suffered from alcoholism and depression during the November 1992 trial, his condition did not preclude him from understanding the proceedings and assisting in his defense. The district court subsequently conducted a hearing pursuant to 18 U.S.C.A. § 4241 to determine Mason's competency during the trial. Mason contended that he had not been legally competent, relying principally on testimony from Dr. McBride, which in turn was based on the examination he conducted shortly after Mason stabbed himself. The Government relied on the testimony and written evaluation of Dr. Hazelrigg.

The district court concluded that Mason was competent during his November 1992 trial, finding that the evidence demonstrated that he understood the proceedings against him and participated in his defense. In reaching this conclusion, the court relied on the opinion of Dr. Hazelrigg as well as its own observations that during trial Mason paid attention to testimony, communicated with his attorneys, and dressed and behaved appropriately.

II.

A defendant is competent to stand trial if "he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "has a rational as well as factual understanding of the proceedings against him." Dusky v. United States, 362 U.S. 402, 402 (1960) (per curiam) (internal quotation marks omitted); see Mason, 52 F.3d at 1289; 18 U.S.C.A. § 4241(d) (providing that a defendant is incompetent to stand trial if "he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense"). A competency ruling by a district court is a factual determination that we will not disturb absent clear error. See United States v. Lebron, 76 F.3d 29, 32 (1st Cir.), cert.

3

denied, 116 S. Ct. 2537 (1996); cf. United States v. Cox, 964 F.2d 1431, 1433 (4th Cir. 1992) (reviewing for clear error a competency determination under 18 U.S.C.A. § 4246 (West 1985 & Supp. 1997)). In applying a clearly erroneous standard of review, we are not at liberty to substitute our view of the evidence for that of the district court merely because we are convinced that we would have reached a different conclusion. See Anderson v. City of Bessemer City, 470 U.S. 564, 573-74 (1985). "A finding is `clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948).

Mason contends that the district court erred in relying on the opinion of Dr. Hazelrigg rather than that of Dr. McBride, asserting that because Dr. McBride examined Mason only weeks after his suicide attempt, while Dr. Hazelrigg examined Mason 39 months later, Dr. McBride's opinion is more reliable. After closely reviewing the record, however, we are unable to conclude that the district court committed clear error. The court found that Dr. Hazelrigg offered a more persuasive opinion than Dr. McBride because the former, unlike the latter, was instructed to evaluate whether Mason was competent during his criminal trial. In contrast, Dr. McBride focused only on whether at the time of the examination Mason was suffering from a mental defect that required treatment. Additionally, the court observed that Dr. Hazelrigg relied upon resources that had not been available to Dr. McBride, including transcripts of the trial, presentence reports, interviews with defense counsel and the Assistant United States Attorney, various medical records, and statements from the case agent. Finally, the district court noted that contrary to Dr. McBride's predictions, Mason was able to function following his suicide attempt without inpatient hospitalization. Consequently, we affirm the determination of the district court that Mason was competent during his criminal trial and therefore is not entitled to a new trial. We have examined Mason's other contentions and find them to be without merit.

AFFIRMED